ALTENBERND, Judge,
Concurring.
At approximately noon on November 20, 2000, Mr. Goldsmith was arrested for a robbery of a cashier at a Walmart and an attempted robbery of a cashier at an Eck-erd drugstore that had occurred earlier that morning. Although there was evidence that he used a firearm in these offenses, he was not charged with armed offenses. At all times since that arrest, he has been in state custody.
Because of mental issues, feigned or real, his trial was delayed. Shortly before his scheduled trial, he attempted suicide by cutting his wrists. The record suggests that the attempt may not have been a serious attempt. Facing the possibility of at least a forty-five-year sentence as a habitual violent felony offender due to the four prior robberies that he had committed, he was allowed to plead guilty to these offenses in October 2003 before Judge Downey, receiving a fifteen-year prison re-leasee reoffender sentence for the robbery, which is the minimum possible sentence he could have received.
He filed a pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(Z). He ultimately received an extensive hearing on his motion, represented by competent, conflict-free counsel. Judge Luce denied that motion in 2005.
I cannot deny that Mr. Goldsmith may be constitutionally entitled to represent himself at another hearing on this motion. He should understand, however, that he has already fully served the sentences imposed on all of these offenses except for the robbery at Walmart. If he somehow manages to be more persuasive than his competent counsel at the hearing in 2005 and convinces the new trial judge to allow him to withdraw his plea to this offense, he still faces the risk of a thirty-year sentence as a habitual violent felony offender that *1040 could be imposed consecutive to the sentences that he has already served.